IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMMI LARSEN, in her individual capacity, and as natural parent and legal guardian of RYAN LARSEN, a minor child, | ) ) ) ) | CASE NO.: _____ |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) | |
| PAPILLION LA VISTA COMMUNITY SCHOOL DISTRICT, and JANE DOES 1-3, individually, and in their official capacities, | ) ) ) ) | |
| Defendants. | | |

COMES NOW Plaintiff, Tammi Larsen, by and through her counsel of record, for his causes of actions against the defendants, is informed and believes, and upon such information and belief, states and alleges:

## INTRODUCTION

1. This is a lawsuit brought pursuant to the provisions of 42 U.S.C. § 1983, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400, et seq, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq., the Rehabilitation Act, 29 U.S.C. 794 et seq., the Nebraska Political Subdivisions Tort Claims Act ("PSTCA), Neb. Rev. Stat. § 13-902 et seq., and other applicable law, seeking relief for the disappearance of Ryan Larsen ("Ryan"). Due to the foreseeable and preventable discriminatory gross negligence by the staff at the La Vista West Elementary School, Ryan Larsen disappeared on May 17, 2021. Ryan has not been seen since. As a result, Ryan and Ms. Larsen have suffered significant trauma, pain, and suffering, as well as the loss of companionship with each other.

1

## THE PARTIES

2. Plaintiff Tammi Larsen is a resident of Sarpy County, Nebraska, and natural parent and legal guardian of Ryan Larsen, a minor child.

3. Defendant Papillion La Vista Community School District ("the School District") is a Political Subdivision of the State of Nebraska named as a Defendant in this lawsuit pursuant to the provisions of the PSTCA. The School District receives state and federal public funds.

4. The true names and capacities of Defendants sued as Jane Does 1-3 are unknown individual employees at the School District, and Plaintiff prays for leave to amend to allege the true names and capacities when they are ascertained.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343 because Causes of Action 1-4 arise under federal law.

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the actions and/or events giving rise to the state law claims are the same as those giving rise to the federal claims.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because the actions and/or events giving rise to this lawsuit occurred in Nebraska.

## PROCEDURAL HISTORY

8. On or about February 1, 2022, and pursuant to Neb. Rev. Stat § 13-905 of the PSTCA, Tammi Larsen presented a written claim to the School District for monetary damages due to the injuries she and Ryan suffered as a result of the School District's negligence, and the School District acknowledged receipt on February 3, 2022. More than six (6) months has lapsed since Tammi Larsen's claim was submitted to the School District, and Tammi Larsen withdrew her claim from the School District's consideration on May 3, 2023.

9. On January 10, 2023, Plaintiff also filed a Petition for Appointment as Special Administrator of the Estate of Ryan Larsen and filed a Petition for Presumption of Death of Missing Individual in the County Court of Sarpy County, Nebraska.

10. On February 21, 2023, the County Court of Sarpy County, Nebraska, held a hearing on the Petition for Presumption of Death of Missing Individual. Evidence was adduced, and arguments were heard. The matter was taken under advisement.

11. On April 27, 2023, the County Court of Sarpy County entered an Order denying the Petition for Presumption of Death of Missing Individual, concluding that there was not yet sufficient clear and convincing evidence to conclude that Ryan "more probably died than survived" his May 17, 2021, disappearance.

## FACTUAL ALLEGATIONS

12. Ryan was born June 8, 2009, and began attending La Vista West Elementary School as a Kindergartener in 2014.

13. At all relevant times, Ryan was a resident of La Vista, Sarpy County, Nebraska.

14. Before enrolling in La Vista West Elementary School in 2014, Ryan had already been diagnosed with absence seizures.

15. By the second grade, Ryan had been diagnosed with autism spectrum disorder and Tourette's disorder.

16. Ryan had substantially delayed learning, social, and communication skills due to his diagnoses.

17. Ryan struggled to tell adults his needs and express his concerns or thoughts.

18. Ryan had difficulty taking into account situational factors that would suggest the need to adjust his plan of action.

19. Ryan was unable to care for himself; he could not regulate proper eating and drinking, and he was unable to identify and avoid dangerous situations.

20. Because of his disabilities, Ryan was under an Individualized Education Plan ("IEP") as a student who qualifies as disabled under the IDEA.

21. Ryan's IEP was regularly updated and modified by a team of professionals specializing in special education employed by the School District.

22. The School District and its staff at La Vista West Elementary School were aware of and had first-hand knowledge regarding Ryan's disabilities and special needs.

23. Specifically, the School District knew that Ryan needed to be supervised at all times as Ryan had a documented history of running away from school, including in the months and weeks before his disappearance.

24. Ryan ran away from school on or about January 16, 2021, April 28, 2021, and May 10, 2021.

25. Despite its awareness of Ryan's disabilities and needs, on May 17, 2021, Ryan was left alone and unsupervised in a classroom at La Vista West Elementary School.

26. Ryan walked, unattended, out of the front doors of the school in the middle of the day.

27. The school made no immediate attempts to prevent Ryan from leaving the school or school grounds.

28. The school made no immediate attempts to retrieve Ryan and return him to the school.

29. Ryan has not been seen since, and no evidence has been found to indicate his whereabouts.

30. Despite an extensive search and recovery effort, Ryan's body has not been recovered.

31. It is more probable than not that Ryan died on or about his May 17, 2021, disappearance, as he would have been unable to care for himself.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. § 794

32. Ms. Larsen hereby incorporates by reference paragraphs 1-31 as though fully set forth herein.

33. The Rehabilitation Act prohibits discrimination against disabled persons and forbids the denial of benefits of federally funded programs to disabled persons.

34. Under the Rehabilitation Act, a federally funded school district is required to provide "a free and appropriate public education to each qualified handicapped person who is in the recipient's jurisdiction, regardless of the nature or severity of the person's handicap." 34 C.F.R. § 104.33(a).

35. The School District receives federal funds to provide educational services.

36. At all relevant times, Ryan was a disabled student entitled to the educational programs provided by the School District.

37. The School District and Jane Does 1-3 failed to accommodate Ryan's need for supervision and, despite their awareness of the severity of his handicap, acted with bad faith, gross misjudgment, or deliberate indifference to his handicap by leaving him unsupervised.

38. The School District's and Jane Does 1-3's conduct was a gross departure from the professional judgment, standards, and practice of special education regarding the supervision of children with a history of elopement.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE ADA, 42 U.S.C. § 12132

39. Ms. Larsen hereby incorporates by reference paragraphs 1-38 as though fully set forth herein.

40. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

41. The School District is a public entity providing educational services to the general public.

42. As noted above, Ryan was a qualified individual with a disability and was denied the benefits of the School District's programs.

43. The School District and Jane Does 1-3 acted in bad faith, used gross misjudgment, and were deliberately indifferent to Ryan's rights, which caused the injuries he and Ms. Larsen suffered.

44. The School District's and Jane Does 1-3's conduct was a gross departure from the professional judgment, standards, and practice

of special education regarding the supervision of children with a history of elopement.

## THIRD CAUSE OF ACTION:
## 42 U.S.C. § 1983 DENIAL OF A FREE APPROPRIATE PUBLIC EDUCATION IN VIOLATION OF THE IDEA, 20 U.S.C. § 1400 ET SEQ.

45. Ms. Larsen hereby incorporates by reference paragraphs 1-44 as though fully set forth herein.

46. Section 1983 imposes civil liabilities upon state actors who deprive an individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

47. The IDEA requires school districts to provide "all children with disabilities . . . a free appropriate public education ("FAPE") that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A).

48. At all times, Ryan was a disabled student with the right to a FAPE under the IDEA.

49. The School District, its employees, and its agents knew that Ryan was entitled to a FAPE.

50. The School District knew Ryan had a propensity to, and history of, running away from school and hiding in dark, quiet places.

51. The School District knew that Ryan's education depended on his continuous supervision by a qualified adult.

52. The School District and Jane Does 1-3 failed to provide the supervision necessary to meet Ryan's unique needs a deprived him of a FAPE.

53. As a result, Ryan suffered the loss of his educational opportunities.

54. Any administrative remedy available under the IDEA would have been futile because there was no forewarning that the School District would leave Ryan unattended. By the time Ryan had disappeared, any administrative remedy or adjustment to Ryan's IEP would have been pointless.

55. Any administrative remedy available under the IDEA would have been inadequate because it would have been incapable of providing the relief sought: monetary damages for Ryan's disappearance.

## FOURTH CAUSE OF ACTION
## STATE-CREATED DANGER UNDER 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTEENTH AMENDMENT.

56. Ms. Larsen hereby incorporates by reference paragraphs 1-55 as though fully set forth herein.

57. A plaintiff may state a cause of action under § 1983 under the state-create danger doctrine when the state actor affirmatively created the danger that causes harm to an individual.

58. The School District and Jane Does 1-3 are state actors.

59. At all relevant times, Jane Does 1-3, and the employees of the School District were acting in compliance with the customs, procedures, and policies of the School District.

60. As a student with a disability, Ryan was a member of a limited, precisely defined group and was in the custody and control of the School District.

61. The School District and Jane Does 1-3 put Ryan at significant risk of serious, immediate, and proximate harm when its

8

employees left him alone unsupervised and permitted him to leave the school grounds.

62. The School District and Jane Does 1-3 acted recklessly and in conscious disregard of the risk Ryan posed to himself when they ignored their knowledge of his disability and watched him walk out of the school building without attempting to stop or retrieve him.

63. In total, the School District's and Jane Does 1-3's behavior towards Ryan and his disability shocks the conscience. The employees of the School District had the opportunity to deliberate about their actions, had full knowledge of Ryan's condition, and deliberately ignored their knowledge leading directly to Ryan's disappearance.

## FIFTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

64. Ms. Larsen hereby incorporates by reference paragraphs 1-63 as though fully set forth herein.

65. A school district is liable for damages for negligent supervision when its employees fail to supervise children as a reasonably prudent person would in a similar circumstance.

66. Ryan had a right, under Nebraska law, to prudent and reasonable supervision while he was at school. The School District and Jane Does 1-3 denied him that right to supervision.

67. No reasonably prudent person would have left Ryan alone unsupervised with the knowledge of his disability and propensity to run away and hide.

68. No reasonably prudent person would allow a young child to walk unaccompanied out of an elementary school building in the middle of the day.

69. A reasonably prudent person would certainly not allow Ryan, with his disability, to walk out of the school building unaccompanied.

70. The failure of Jane Does 1-3 and the staff at La Vista West Elementary School to prudently supervise Ryan is the direct and proximate cause of his disappearance.

## SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. Ms. Larsen hereby incorporates by reference paragraphs 1-70 as though fully set forth herein.

72. The School District, its employees, and agents, including Jane Does 1-3, intentionally and recklessly left Ryan alone unsupervised and permitted him to leave the school building unattended.

73. Considering Ryan's disability, age, maturity, and developmental stage, the School District's actions were outrageous and utterly intolerable.

74. The School District's and Jane Does 1-3's abdication of their obligation to supervise and care for Ryan goes beyond all possible bounds of decency.

75. The School District's and Jane Does 1-3's intentional and reckless refusal to prudently supervise Ryan led directly to his disappearance and caused Ms. Larsen severe emotional distress.

76. Ms. Larsen suffers from and must now be treated for severe emotional trauma and distress.

77. No reasonable person should be expected to endure the trauma of wondering what horrors have befallen her disabled child after he was allowed to wander off alone, never to be seen again.

## DAMAGES COMMON TO ALL CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT

78. Ms. Larsen hereby incorporates by reference paragraphs 1-77 as though fully set forth herein.

79. As a direct and proximate result of the School District's and Jane Does 1-3's conduct, Ryan was exposed to the foreseeable and unreasonable risk of substantial harm and has suffered the loss of experiencing a normal educational life, mental and emotional distress, the loss of companionships of his mother and siblings, and likely lost his life.

80. As a direct and proximate result of the School District's and Jane Does 1-3's conduct, Ms. Larson has suffered severe emotional distress caused by his disappearance, the loss of his companionship since his disappearance, and has probably lost her son forever.

81. Ms. Larsen and Ryan are entitled to monetary damages, attorney fees, and costs pursuant to 29 U.S.C. § 749, 42 U.S.C. §§ 12133, 1983, 1988, and Neb. Rev. Stat § 13-926.

WHEREFORE, Ms. Larsen prays this Court enter judgment against the Defendants, jointly and severally, on her First, Second, Third, Fourth, Fifth, and Sixth, Causes of Action for the general and special damages that she and Ryan have and will continue to sustain; punitive damages as appropriate; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorneys fees; and such further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

To the extent a jury trial is permitted by applicable law, Ms. Larsen demands a trial by jury on all matters that are triable to jury, and that the trial be held in the United States District Court for the District of Nebraska located in Omaha.

DATED this 12th day of May, 2023.

                              TAMMI LARSEN, Plaintiff

By:    */s/ Sean M. Conway*
        Sean M. Conway, #23490
        Chandler | Conway, PC LLO
        1018 Dodge Street, Suite 5
        Omaha, NE 68102
        (402) 933-6858

        and

        Michael B. Duffy #27529
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17 Street
        Omaha, NE 68102
        (402) 341-6000

        Attorneys for Petitioner