IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMMI LARSEN, in her individual capacity, and as natural parent and legal guardian of Ryan Larsen, a minor child;<br><br>Plaintiff,<br><br>vs.<br><br>PAPILLION LA VISTA COMMUNITY SCHOOL DISTRICT, and JANE DOES 1-3, individually, and in their official capacities;<br><br>Defendants. | 8:23CV190<br><br>**MEMORANDUM AND ORDER** |

This action arises out of the disappearance of Ryan Larsen after he walked out of La Vista West Elementary School on May 17, 2021. Filing No. 1. The Plaintiff's Complaint alleges six counts against Defendants Sarpy County School District 77-0027, d/b/a Papillion La Vista Community School District ("the School District"), and Jane Does 1-3, individually, and in their official capacities, for 1) violation of the Rehabilitation Act, 29 U.S.C. § 794; 2) violation the Americans with Disabilities Act, 42 U.S.C. § 12132, (ADA); 3) violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 14000 *et seq.*, ("IDEA") under 42 U.S.C. § 1983; 4) violation of the Fourteenth Amendment under 42 U.S.C. § 1983; 5) negligent supervision; and 6) negligent infliction of emotional distress. Filing No. 1. The Plaintiff, Tammi Larsen, in her individual capacity, and as natural parent and legal guardian of Ryan Larsen, a minor child, seeks a judgment for monetary damages against the Defendants for Ryan's loss of experiencing a normal educational life, mental and emotional distress, and loss of companionship and for her severe emotional distress and loss of Ryan's companionship. Filing No. 1 at 11. This matter is

1

before the Court on the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Filing No. 4.

## BACKGROUND

Ryan, whose date of birth is in 2009, attended La Vista West Elementary School. Filing No. 1. Ryan had been diagnosed with several disabilities and had an Individualized Education Plan ("IEP") that was regularly updated and modified by the School District and its team of special education professionals. *Id.* The School District and the staff at Ryan's elementary school knew about his disabilities and special needs, and they knew Ryan needed constant supervision because of his documented history of running away from school. *Id.*

Ryan ran away from school on or about January 16, 2021, April 28, 2021, and May 10, 2021. *Id.* On May 17, 2021, Ryan was left alone and unsupervised in a classroom at his elementary school. *Id.* Ryan walked, unattended, out of the front doors of the school in the middle of the day. *Id.* No one at the school made any immediate attempt to prevent Ryan from leaving the building or school grounds, and no one made any immediate attempt to retrieve Ryan and return him to the school. *Id.* Ryan has not been located, and no evidence has been found to indicate his whereabouts. *Id.*

On February 1, 2022, pursuant to Neb. Rev. Stat. § 13-905, Larsen presented a written claim to the School District for monetary damages due to the injuries she and Ryan suffered resulting from the School District's negligence. After more than six months had lapsed since Larsen submitted her claim to the School District, she withdrew her claim from its consideration on May 3, 2023. *Id.*

2

On January 10, 2023, Larsen filed a Petition for Appointment as Special Administrator of the Estate of Ryan Larsen and a Petition for Presumption of Death of Missing Individual in the County Court of Sarpy County, Nebraska. *Id.* The Sarpy County Court entered an Order denying the Petition for Presumption of Death of Missing Individual on April 27, 2023, finding that there was not yet sufficient clear and convincing evidence to conclude that Ryan "more probably died than survived" his May 17, 2021, disappearance. *Id.*

Larsen filed the Complaint in this Court on May 12, 2023. *Id.* The Defendants assert Larsen's claims under the ADA and § 504 of the Rehabilitation Act fail because she did not exhaust the administrative remedies, she has not alleged facts to support the required elements of the claims, and because the damages sought are emotional damages, which are not available under Title II of the ADA or § 504 of the Rehabilitation Act. Filing No. 5 at 3. The Defendants argue Larsen's claim under the IDEA should also be dismissed for failure to exhaust administrative remedies, and she has failed to sufficiently plead a claim for violation of the Fourteenth Amendment. *Id.* The Defendants contend Larsen's state law tort claims should be dismissed for lack of jurisdiction because the School District is a political subdivision and has not waived its sovereign immunity, and because the Defendants were exercising a discretionary function in the oversight of students under their care on IEPs. *Id.* at 4. Finally, the Defendants argue Larsen's claim for negligent infliction of emotional distress fails because the elements for such a claim are not present. *Id.*

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### Violations under ADA and § 504 of the Rehabilitation Act

In Larsen's first two causes of action, she alleges the School District violated § 504 of the Rehabilitation Act and the ADA by failing to accommodate Ryan's need for supervision as a qualified individual with a disability and a history of elopement. Filing No. 1 at 5, 6. The Defendants assert several arguments in support of their motion to dismiss.

### Failure to Exhaust Administrative Remedies

The Defendants seek dismissal of Larsen's first two causes of action based on Larsen's failure to exhaust her administrative remedies under the IDEA. *See* 20 U.S.C. § 1415(l). The Supreme Court has determined the exhaustion requirements under the IDEA do not apply to actions seeking compensatory damages, which are a form of relief the IDEA does not provide. *See Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 150 (2023). The Court noted that it held in *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154 (2017):

> … § 1415(*l*)'s exhaustion requirement does not apply unless the plaintiff 'seeks relief for the denial of' a free and appropriate public education 'because that is the only "relief"' IDEA's administrative processes can supply. (citation omitted) This case presents an analogous but different question—whether a suit admittedly premised on the past denial of a free and appropriate education may nonetheless proceed without exhausting IDEA's administrative processes if the remedy a plaintiff seeks is not one IDEA provides. In both cases, the question is whether a plaintiff must exhaust administrative processes under IDEA that cannot supply what he seeks. And here, as in *Fry,* we answer in the negative.

*Luna Perez*, 598 U.S. at 149–50.

Although Larsen's claims for the Defendants' alleged violation of § 504 of the Rehabilitation Act and the ADA are premised on denial of a free and appropriate

education, the relief sought cannot be supplied under IDEA. Consequently, Larsen was not required to exhaust her administrative remedies under IDEA before filing this action.

**Failure to Plead Elements of the Claim**

The Defendants argue that Larsen failed to allege facts that establish the necessary elements to state a claim under § 504 of the Rehabilitation Act and the ADA. Filing No. 5 at 9. To state a claim under either of these acts, a plaintiff must plead facts that show 1) plaintiff was a qualified individual with a disability; 2) was denied the benefits of a program or activity of a public entity receiving federal funds; and 3) was discriminated against based on his/her disability. *Est. of Barnwell ex rel. Barnwell v. Watson,* 880 F.3d 998, 1004 (8th Cir. 2018). Where the alleged § 504 and ADA violations are based on educational services for disabled children, the Eighth Circuit has consistently held that "the plaintiff must prove that school officials acted in bad faith or with gross misjudgment." *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.*, 732 F.3d 882, 887 (8th Cir. 2013).

Larsen's Complaint may meet the pleading requirements for both claims based on gross misjudgment; however, Larsen fails to allege any action by the School District that can reasonably be construed as an intentional act of bad faith. The Defendants' failure to supervise the child may be a gross misjudgment and by implication may be due to the child's disability. The Court finds the plaintiff has sufficiently plead the elements the alleged claims.

**Damages for Emotional Distress are Unavailable Under § 504 and the ADA**

In addition to their argument that Larsen failed to plead sufficient facts to state a claim under § 504 and the ADA, the Defendants argue the claims must be dismissed because Larsen does not seek any damages that are available under either act. Filing

No. 5 at 15. Indeed, Larsen's complaint only seeks damages for her "severe emotional trauma and distress" and Ryan's "loss of experiencing a normal educational life, mental and emotional distress, [and] loss of companionships of his mother and siblings". Filing No. 1 at 10-11.

Damages for emotional distress are not recoverable in actions under the Rehabilitation Act or the Affordable Care Act (ACA). *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 230 (2022). Because the Rehabilitation Act does not allow such damages, neither does the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002) (Section 203 of the ADA declares that the 'remedies, procedures, and rights set forth in [§ 505(a)(2) of the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides' for violations of § 202.") (internal citation omitted).

In *Cummings*, the plaintiff brought a lawsuit against the defendant under the ACA and the Rehabilitation Act seeking declaratory relief, an injunction, and damages. "The District Court dismissed the complaint, … [observing] 'the only compensable injuries that Cummings alleged Premier caused were 'humiliation, frustration, and emotional distress.'" *Cummings*, 596 U.S. at 217. After the Fifth Circuit affirmed the District Court, the Supreme Court affirmed, referring to the analysis under *Barnes, supra*, to determine the types of remedies available in actions "to enforce Spending Clause statutes" such as at issue in the litigation before the Supreme Court in *Cummings*. *Id.* at 220.

In this case, Larsen's complaint only alleges damages for emotional distress. Consequently, as in *Cummings*, her first two causes of action must be dismissed for failing to allege facts sufficient to satisfy damage elements for a claim under § 504 of the Rehabilitation Act and the ADA.

**Violations pursuant to 42 U.S.C. § 1983**

In Larsen's third and fourth causes of action, she alleges the School District denied Ryan's right to a free appropriate public education (FAPE) in violation of the IDEA and violated Ryan's rights to due process under the Fourteenth Amendment to the Constitution. Filing No. 1 at 7–8. The Defendants contend Larsen failed to exhaust her administrative remedies under the third cause of action, and the fourth cause of action should be dismissed for failing to plead sufficient facts to state a claim for violation of due process under the Fourteenth Amendment.

As previously discussed, Larsen was not required to exhaust her administrative remedies under IDEA before filing this action based on the Defendants' denial of a free and appropriate education because the relief sought cannot be supplied under IDEA. However, a plaintiff may not circumvent the limitation on remedies available under the IDEA by transforming an alleged violation of the Act into a § 1983 claim. *Dohmen ex rel. Dohmen v. Twin Rivers Pub. Sch.*, 207 F. Supp. 2d 972, 980 (D. Neb. 2002) (citing *Hoekstra By & Through Hoekstra v. Indep. Sch. Dist. No. 283*, 103 F.3d 624, 625 (8th Cir. 1996) (Plaintiffs seeking damages under § 1983 for alleged deprivation of their daughter's right to a free appropriate public education under the IDEA failed to state a claim under the IDEA, and thus failed to state a claim under § 1983.). Because a plaintiff cannot recover damages under the IDEA, she cannot recover damages under § 1983 for any violation of her rights secured by the IDEA. *Dohmen, supra,* at 981–82, (citing *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 980 F.2d 382, 387 (6th Cir. 1992)). Section 1983 does not provide a right to damages where none previously existed. *Id.* Consequently, Larsen's third cause of action fails to state a claim and must be dismissed.

Larsen's fourth cause of action alleges the Defendants are liable under 42 U.S.C. § 1983 for creating the danger that caused harm to Ryan. Filing No. 1 at 8. Larsen asserts the School District and Jane Does 1-3 are state actors, and Jane Does 1-3 "and the employees of the School District were acting in compliance with the customs, procedures, and policies of the School District." *Id.* According to Larsen, "The School District and Jane Does 1-3 put Ryan at significant risk of serious, immediate, and proximate harm when its employees left him alone unsupervised and permitted him to Leave the school grounds." *Id.* Larsen asserts the Defendants' actions were reckless "and in conscious disregard of the risk Ryan posed to himself when they ignored their knowledge of his disability and watched him walk out of the school building without attempting to stop or retrieve him." *Id.* at 9. Larsen alleges the Defendants' behavior towards Ryan shocks the conscience as they "had the opportunity to deliberate about their actions, had full knowledge of Ryan's condition, and deliberately ignored their knowledge leading directly to Ryan's disappearance." *Id.*

> It is well settled that a municipality may not be found liable under § 1983 'unless action pursuant to official municipal policy of some nature caused a constitutional tort.' *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A school district cannot be held liable under § 1983 on a *respondeat superior* theory, *i.e.,* simply because it employs a tortfeasor. *Id.* at 691, 98 S.Ct. 2018.

*Lee v. Pine Bluff Sch. Dist.*, 472 F.3d 1026, 1029–30 (8th Cir. 2007).

In *Lee*, the mother of a junior high school student who died after becoming ill on a school band trip brought a § 1983 and state law action against the school district and the band director. The plaintiff's complaint alleged that her son's death could have been prevented if the chaperones, including the band director, had sought medical care for her son.

9

The plaintiff brought several state-law claims of negligence against the band director and the school district and a claim under § 1983. The complaint alleged that the defendants were "deliberately indifferent" to the medical needs of her son, and they "willfully and deliberately" failed to provide adequate care. *Lee*, 472 F.3d at 1029. The plaintiff alleged "that the inaction of these state actors would 'shock the consc[ience]' of the court." *Id.*

The district court dismissed the § 1983 claim with prejudice, "holding that 'to assume federal jurisdiction over this case would require the Court to disregard the admonition in *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729 (8th Cir. 1993), that common law torts should not be converted into constitutional violations merely because the actor was employed by a subdivision of the state." *Id.* The district court determined the plaintiff had not alleged a policy or custom of the school district that caused an alleged constitutional violation. *Id.*

The circuit court affirmed the district court's decision, finding the plaintiff's complaint failed to allege an unconstitutional policy of the school district, "and it asserted no widespread unconstitutional practices that might constitute a 'custom or usage with the force of law.'" *Id.* at 1030 (citing *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 796 (1997)). The court acknowledged "that in tragic cases like this one, 'judges and lawyers, like other humans,' are moved by natural sympathy to try to compensate a mother for her loss; but that the Fourteenth Amendment was not designed to provide relief in all cases where the State's functionaries fail to take action that might have averted a serious harm." *Id.* at 1032 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989)).

Similarly, in Larsen's case, while she alleges the Defendants "were acting in compliance with the customs, procedures, and policies of the School District," Larsen fails to allege the policy or custom of the School District that caused the alleged Fourteenth Amendment violation. Because Larsen's Complaint does not allege an unconstitutional policy of the School District, and it does not assert any "widespread unconstitutional practices that might constitute a 'custom or usage with the force of law,'" Larsen's fourth cause of action fails to state a claim and requires dismissal.

**State Law Claims**

Larsen's fifth and sixth causes of action assert claims for state law tort violations, negligent supervision, and negligent infliction of emotional distress. Filing No. 1 at 9, 10. Jurisdiction for Larsen's state law claims is supplemental to the federal jurisdiction of her first four causes of action. *See* 28 U.S.C. § 1367(a) (defining "supplemental" jurisdiction). This Court has now granted the Defendants' motion to dismiss on Larsen's first four claims.

A district court may decline to exercise supplemental jurisdiction if the federal claims over which it had original jurisdiction have all been dismissed. 28 U.S.C. § 1367(c)(3). "[I]f the federal claims are dismissed before trial, … the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). *See also*, *Hassett v. Lemay Bank & Tr. Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988). Accordingly, this Court, in its discretion, dismisses Larsen's supplemental state law claims, without prejudice, for lack of a substantial federal claim.

**THEREFORE, IT IS ORDERED THAT:**

1. The Defendants' motion to dismiss (Filing No. 4) on Plaintiff's federal claims is granted.

2. This Court, in its discretion, dismisses Plaintiff's supplemental state law claims, without prejudice, for lack of a substantial federal claim.

3. This case is hereby dismissed without prejudice. A separate judgment of dismissal will be entered.

Dated this 1st day of November, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
